UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==============================================X
JEFFREY CASEY and MELINDA CASEY,

           Plaintiff,

  - against -

SISTER ST. AGNES CONVENT, SISTERS OF ST. AGNES CONVENT and ARCHDIOCESE OF NEW YORK,

           Defendants.
==============================================X

Docket No. _____

13 CV 3855

JUDGE SEIBEL

## COMPLAINT

    Plaintiffs, by their attorneys, **KLEIN & FOLCHETTI, P.C.**, complaining of the defendants herein, respectfully allege the following:

### PARTIES

    1.    That at all times herein mentioned, plaintiffs were and still are citizens of the United States of America, and residents of the County of Fairfield, State of Connecticut.

    2.    That upon information and belief, and at all times herein mentioned, defendant **SISTER ST. AGNES CONVENT** was and still is a religious entity organized and existing by virtue of the laws of the State of New York, with its principal place of business in the City, County and State of New York.

    3.    That upon information and belief, and at all times herein mentioned, defendant **SISTERS OF ST. AGNES CONVENT** was and still is a religious entity organized and existing by virtue of the laws of the State of New York, with its principal place of business in the City, County and State of New York.

4. That upon information and belief, and at all times herein mentioned, defendant **ARCHDIOCESE OF NEW YORK** was and still is a religious entity organized and existing by virtue of the laws of the State of New York, with its principal place of business in the City, County and State of New York.

## JURISDICTIONAL ALLEGATIONS

5. That the jurisdiction properly lies in the United States District Court by virtue of the diversity of citizenship of the plaintiffs and the defendant, as set forth in Title 28 U.S.C. §1332.

6. That the amount in controversy, exclusive of costs and interest, is in excess of the sum of **SEVENTY-FIVE THOUSAND and 00/100 DOLLARS ($75,000.00)**.

## VENUE

7. That venue is proper in the Southern District of New York under 28 U.S.C. 1391(a)(1), as all of the defendants reside in the State of New York and at least one defendant resides in the Southern District of New York.

8. That venue is proper in the Southern District of New York under 28 U.S.C. 1391(a)(2), as a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of New York.

## JURY DEMAND

9. The plaintiff demands that this case be tried to a jury.

### AS AND FOR A CAUSE OF ACTION ON BEHALF OF PLAINTIFF JEFFREY CASEY: COMMON-LAW NEGLIGENCE

10. That upon information and belief, and at all times herein mentioned, and more specifically on June 5, 2010, and prior thereto, the defendants herein were and still

are in the business of owning and operating a religious school and other related facilities at the property known as and located at Sacred Heart High School, Convent Avenue, Yonkers, New York.

11. That upon information and belief, and at all times herein mentioned, and more specifically on June 5, 2010, and prior thereto, the defendants were the owners, users, occupants, lessors, sub-lessors and/or beneficiaries of a certain flush mounted sidewalk utility box situated within the public sidewalk and right-of-way in front of the premises known as and located at 27 Convent Avenue, in the City of Yonkers, New York.

12. That upon information and belief, and at all times herein mentioned, and more specifically on June 5, 2010, and prior thereto, the defendants herein were granted permission, license, easement, prescription or other legal right to place, own, operate, maintain, inspect and/or repair the aforesaid flush mounted sidewalk utility box within the public right-of-way, all for the use and benefit of said defendants in the conduct and operation of its business pursuits at the aforesaid premises.

13. That upon information and belief, and at all times herein mentioned, and more specifically on June 5, 2010, the defendants herein owned, controlled, occupied, operated, supervised, managed, kept, repaired and maintained the aforesaid the aforesaid flush mounted sidewalk utility box and its components, all of which were located within the public right-of-way.

14. That upon information and belief, and at all times herein mentioned, and more specifically on June 5, 2010, the defendants herein were under a duty to own, control, occupy, operate, supervise, manage, keep, repair and maintain the aforesaid the

disrepair.

20.     That at all times herein mentioned, and more specifically on June 5, 2010, at the time of the complained of events, plaintiff **JEFFREY CASEY** was lawfully present upon public sidewalk in front of the premises known as and located at 27 Convent Avenue, in the City of Yonkers, New York.

21.     That at all times herein mentioned, and more specifically on June 5, 2010, at the time of the complained of events, while plaintiff **JEFFREY CASEY** was lawfully present upon public sidewalk in front of the premises known as and located at 27 Convent Avenue, in the City of Yonkers, New York, he was conducting himself in a safe, careful and prudent manner.

22.     That on or about June 5, 2010, at or about 1:30 in the afternoon, and solely by reason of the carelessness, negligence, recklessness, fault, imprudence and other culpable conduct of the defendants herein, plaintiff **JEFFREY CASEY**, while walking on the public sidewalk in front of the premises known as and located at 27 Convent Avenue, in the City of Yonkers, New York, was caused to get his foot caught in a hole in the metal cover plate of the aforesaid flush mounted sidewalk utility box, and to thereafter lose his balance, stumble, fall and/or be violently precipitated to the ground, thereby sustaining the injuries hereinafter alleged.

23.     That solely by reason of the carelessness, negligence, recklessness, fault, imprudence and other culpable conduct of the defendants herein, plaintiff **JEFFREY CASEY** was caused to suffer serious, severe and permanent personal injuries, all without any fault or culpable conduct on the part of the plaintiff contributing thereto.

24. That this action falls under one or more of the exceptions of Section 1602 of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

25. That by reason of all of the foregoing, and solely as a result of the carelessness, negligence, recklessness, fault, imprudence and other culpable conduct of the defendants herein, plaintiff **JEFFREY CASEY** has suffered damage and injury and demands judgment against the defendants in a sum to be determined by the trier of fact of this action.

### *AS AND FOR A CAUSE OF ACTION ON BEHALF OF PLAINTIFF MELINDA CASEY: LOSS OF SPOUSAL CONSORTIUM*

26. Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth at length herein.

27. That at all times herein mentioned, plaintiff **MELINDA CASEY** was the lawfully wedded spouse of **JEFFREY CASEY**, residing together as husband and wife, and as such, was entitled to the love, affection, society, services, consortium and companionship of **JEFFREY CASEY**.

28. That solely as a result of the carelessness, negligence, fault, imprudence and unlawful behavior of the defendants herein, plaintiff **MELINDA CASEY** has been deprived of the love, affection, society, services, consortium and companionship of **JEFFREY CASEY**, and has incurred substantial medical expenses on behalf of **JEFFREY CASEY**, and will continue to incur such expenses.

29. That by reason of the reckless and wanton conduct of the defendants herein, plaintiff **MELINDA CASEY** has been deprived of the love, affection, society, services, consortium and companionship of **JEFFREY CASEY**, and has incurred substantial medical expenses on behalf of **JEFFREY CASEY**, and will continue to incur such expenses.

30. That by reason of the grossly negligent conduct of the defendants herein, plaintiff **MELINDA CASEY** has been deprived of the love, affection, society, services, consortium and companionship of **JEFFREY CASEY**, and has incurred substantial medical expenses on behalf of **JEFFREY CASEY**, and will continue to incur such expenses.

31. That by reason of all of the foregoing, plaintiff **MELINDA CASEY** has suffered damage and injury and demands judgment against the defendants in a sum to be determined by the trier of fact of this action.

**WHEREFORE**, the plaintiffs demand judgment against the defendants herein, on each cause of action, in an amount in excess of $75,000.00, the amount of which is to be determined by the trier of fact of this action, together with the costs and disbursements of

this action, and such other and further relief which, to this Court, may seem just and proper.

Dated:     Port Chester, New York
               June 4, 2013

                                             **KLEIN & FOLCHETTI, P.C.**
                                             Attorneys for Plaintiffs

                                             BY: _____
                                                ROBERT W. FOLCHETTI (RF0527)
                                             A Principal /of the Firm
                                             219 Westchester Avenue, Sixth Floor
                                             Port Chester, New York 10573-4529
                                             Tel. (914) 934-8792

**KLEIN & FOLCHETTI, P.C.**
*219 Westchester Avenue, Sixth Floor, Port Chester, New York 10573-4529*
*Tel. (914) 934-8792; Fax (914) 934-8793; E-Mail: klfolaw@aol.com*

-8-